FILED

AUG 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEDELITO TRINIDAD Y GARCIA, | No. 09-56999 |
| Petitioner - Appellee, | D.C. No. 08-CV-7719-MMM |
| v. | |
| MICHAEL BENOV, Warden, Metropolitan Detention Center - Los Angeles, | MEMORANDUM* |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted July 13, 2010
Pasadena, California

Before: FARRIS and SILVERMAN, Circuit Judges, and CAMP, Senior District
Judge.**

---

      *      This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

      **      The Honorable Jack J. Camp, Senior United States District Judge for
the Northern District of Georgia, sitting by designation.

The Government appeals the district court's order granting a petition for a writ of habeas corpus and ordering the release of Hedelito Trinidad y Garcia ("Trinidad"). At issue on appeal is whether federal courts have jurisdiction to review a decision by the Secretary of State that an extraditee will not be subjected to torture if returned to the requesting State.

## I. Background

In 2003, the Republic of the Philippines requested that the United States extradite Trinidad in order to stand trial on a kidnaping for ransom charge. After a magistrate judge certified to the Secretary that Trinidad was extraditable under 18 U.S.C. § 3184, the Secretary conducted an internal review to examine Trinidad's claims that he would be subjected to torture in the Phillipines if returned. The Secretary rejected Trinidad's claims, decided to surrender Trinidad to Philippine officials, and signed his surrender warrant.

Trinidad then filed a petition for a writ of habeas corpus challenging the Secretary's decision to surrender him as arbitrary in violation of the Administrative Procedure Act ("APA") because it ignored evidence that he was likely to be tortured if returned to the Philippines. The Government moved to dismiss Trinidad's habeas petition on the ground that, pursuant to the Rule of Non-Inquiry,

2

the decision by the Secretary to surrender Trinidad is not subject to judicial review.[1]
The district court denied the Government's motion, holding that it had jurisdiction
to review the habeas petition.

The administrative record, however, did not contain sufficient evidence for
the district court to determine whether the Secretary's decision was arbitrary.
Accordingly, the district court ordered the Government to produce evidence from
the administrative record underlying the Secretary's decision to surrender Trinidad.
Maintaining that the district court lacked jurisdiction to review the Secretary's
decision, the Government refused to turn over the relevant portions of the
administrative record. Having no administrative record to review, and, thus, no
basis on which to conclude that the Secretary's decision complied with the APA,
the district court granted Trinidad a writ of habeas corpus and ordered his release.
The Government appeals the district court's order granting Trinidad a writ of
habeas corpus.

---

[1] The Rule of Non-Inquiry provides that "it is the role of the Secretary of State, not the courts, to determine whether extradition should be denied on humanitarian grounds or on account of the treatment that the fugitive is likely to receive upon his return to the requesting state." Cornejo-Barreto v. Siefert, 379 F.3d 1075, 1084 (9th Cir. 2004) ("Cornejo II"), *vacated by* Cornejo-Barret v. Siefert, 389 F.3d 1307 (9th Cir. 2004).

## II. Jurisdiction and Standard of Review

We have jurisdiction to review a district court order granting a habeas petition pursuant to 28 U.S.C. § 2253. Whether judicial review of the Secretary's decision to surrender an extraditee is permitted is a question of law, which the Court reviews *de novo*. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir. 1984). Similarly, we review *de novo* the district court's grant of a habeas corpus petition. Cornejo-Barreto v. Seifert, 218 F.3d 1004, 1009 (9th Cir. 2000) ("Cornejo I").

## III. Discussion

### A. The Cornejo Opinions

In Cornejo I, this Court found that federal courts have jurisdiction to review the Secretary's decision to surrender an individual who alleges, pursuant to the Foreign Affairs Reform and Restructuring Act of 1998 ("FARR Act"), that he is likely to be tortured if turned over to the requesting State. Id. at 1015. The Court explained that "[a]n extraditee ordered extradited by the Secretary of State who fears torture upon surrender . . . may state a claim cognizable under the APA that the Secretary of State has breached her duty, imposed by the FARR Act, to implement Article 3 of the Torture Convention." Cornejo I, 218 F.3d at 1016-17. Pursuant to the APA, a district court must set aside the Secretary's decision if it is

4

found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Id. at 1015 (quoting 5 U.S.C. § 706(2)(A)).

A subsequent, well reasoned opinion by another panel of this Court found the discussion of judicial review in Cornejo I was dicta and not binding on the panel. Cornejo II, 379 F.3d at 1082. The panel then held that the Secretary's determination to surrender an individual is not subject to judicial review because such a decision is a matter of foreign policy that should be left to the Executive Branch. Id. at 1088-89.

The Cornejo case, however, was not finished because the Court ordered an *en banc* review. But before the Court could decide the case *en banc*, Mexico withdrew its extradition request. Accordingly, the Court granted the Government's motion to dismiss the appeal as moot. Cornejo-Barret v. Siefert, 389 F.3d 1307 (9th Cir. 2004) ("Cornejo III"). The Court then vacated Cornejo II without explanation and denied the Government's request to vacate Cornejo I, also without explanation. Id. Cornejo I, thus, remains binding precedent in this Circuit.

**B.    The Supreme Court's Decision in Munaf v. Geren**

The Government contends that the Supreme Court's recent decision in Munaf v. Geren, 553 U.S. 674, 128 S. Ct. 2207 (2008), cannot be reconciled with Cornejo I and implicitly overrules its holding that federal courts have jurisdiction

5

to review the Secretary's determination that an extraditee is not likely to be tortured. In <u>Munaf</u>, the Supreme Court explained that the decision of the Executive Branch to surrender a detainee, including the decision of the Secretary that a detainee is not likely to be tortured, is a matter that should be addressed by the Executive Branch rather than the Judicial Branch. 553 U.S. at ____, 128 S. Ct. at 2226. The <u>Munaf</u> Court, however, specifically declined to address whether the Court would have jurisdiction to review a habeas petition raising a FARR Act claim. <u>Id.</u> Therefore, <u>Carnejo I</u>, which involved a habeas petition raising a FARR Act claim, remains good law.

## C.    The REAL ID Act

The Government also contends that recent congressional legislation addressing immigration issues, REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., 119 Stat. 231, 311 (2005), supercedes <u>Cornejo I</u> and deprived the district court of jurisdiction over this habeas petition. The relevant portion of the REAL ID Act provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture and Other Forms

6

of Cruel, Inhuman, or Degrading Treatment or Punishment, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(4). The Government notes that the United States Court of Appeals for the District of Columbia recently interpreted Section 1252(a)(4) to limit judicial review under the FARR Act to challenges to a final order of removal. Kiyemba v. Obama, 561 F.3d 509, 514-515 (D.C. Cir. 2009).

If we were writing on a clean a slate, we would hold that the Government has the better of the argument. However, binding precedent in this Circuit contradicts the Government's interpretation of the REAL ID Act's jurisdiction stripping provision. In Nadarajah v. Gonzales, this Court held that:

> By its terms, [8 U.S.C. § 1252(a)(4)] does not apply to federal habeas corpus petitions that do not involve final orders of removal. Here. . . there is no final order of removal. . . . Therefore, in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court, and on appeal to this Court, pursuant to 28 U.S.C. § 2241.

443 F.3d 1069, 1075-76 (9th Cir. 2006). Thus, the jurisdiction-stripping provision of the REAL ID act only applies to habeas corpus petitions that involve final orders of removal. Id. at 1075. Here, the habeas petition does not involve a final order of removal, and district court had jurisdiction to review the Secretary's decision to extradite Trinidad.

## IV. Conclusion

Having jurisdiction to review the Secretary's decision, the district court properly ordered the Government to produce evidence from the administrative record so that it could determine whether the Secretary complied with the requirements of the APA. Because the Government failed to comply with the district court's order, the district court had no record from which to conclude that the Secretary's decision was supported by substantial evidence, and, therefore, it was forced to find that the decision was arbitrary and capricious in violation of the APA. The district court, therefore, did not err by granting the habeas petition.

**AFFIRMED**